### ELLIOTT v. GARVIN.

(Circuit Court of Appeals, Eighth Circuit.   December 21, 1908.)

#### No. 2,731.

1. VENDOR AND PURCHASER (§ 338*)—FAILURE OF TITLE—RECOVERY OF CONSIDERATION.
    Where decedent conveyed and warranted the title to land in consideration of payment of $2,500, and the title failed, the purchaser could recover the consideration in an action for money had and received.
    [Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 993; Dec. Dig. § 338.*]

2. EXECUTORS AND ADMINISTRATORS (§ 250*)—PROBATE COURTS—CLAIMS AGAINST DECEDENT—MONEY RECEIVED.
    Where decedent contracted to convey and warrant the title to certain land to plaintiff in consideration of a payment of $2,500, but the title failed, and decedent's estate got the benefit of the consideration so paid, the purchaser's right to a return thereof constituted a proper claim against decedent's estate, within the jurisdiction of the probate court.
    [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 893; Dec. Dig. § 250.*]

3. COURTS (§ 39*)—JURISDICTION—QUESTIONS OF JURISDICTION—DETERMINATION.
    The tribal probate court of the Chickasaw Indian Nation, having exercised jurisdiction of decedents' estates, after the Atoka Agreement, and its jurisdiction never having been questioned or determined in any case, the Circuit Court of Appeals, after such court and the territorial courts of the Indian Territory had passed out of existence, would not reverse the allowance of a claim by such probate court for alleged want of jurisdiction, on principles of public policy and in the exercise of judicial discretion.
    [Ed. Note.—For other cases, see Courts, Dec. Dig. § 39.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Error to the United States Court of Appeals in the Indian Territory.

For opinion below, see 104 S. W. 878.

J. T. Blanton and L. C. Andrews, for plaintiff in error.

S. T. Bledsoe and J. B. Thompson, for defendant in error.

Before SANBORN and HOOK, Circuit Judges, and PHILIPS, District Judge.

PHILIPS, District Judge. This is a writ of error to review the action of the United States Court for the Indian Territory, and that of the Court of Appeals thereof affirming it, in rendering judgment in favor of the defendant in error against the plaintiff in error for the recovery of the sum of $2,500 and interest, based on a judgment of the probate court of the Chickasaw Indian Nation. There were two judgments entered by the probate court allowing the demand against the estate of W. S. Burks, deceased. As it is conceded that the first judgment was void for want of notice to the administrator, the action depends upon the validity of the second judgment, rendered on the 18th day of February, 1904.

The claim presented to the probate court of the Chickasaw Indian Nation was stated as follows:

"Comes now Samuel J. Garvin and states that the estate of W. S. Burks, deceased, is indebted to him in the sum of twenty-five hundred dollars, for money advanced by him for the purchase of a certain farm situated near Pauls Valley, I. T., for the benefit of said estate, which was appropriated by John C. Elliott, administrator of said estate."

This statement is quite informal and depends much for its elucidation upon the evidence, which disclosed that the claim grew out of substantially the following state of facts: On the 25th day of June, 1903, W. S. Burks, plaintiff in error's intestate, executed to the defendant in error a deed of conveyance to certain real estate and appurtenances within the reservation of the Chickasaw Indians, subject to allotment in severalty among them. The consideration therein expressed was $2,500, then paid by the defendant in error. The granting clause of the deed is as follows:

"I hereby demise, release and quitclaim unto the said Samuel J. Garvin, his heirs and assigns, forever, all my right, title, and interest in and to the lands described, and hereby assign unto the said Samuel J. Garvin the rental contracts and the rents accruing thereon with my tenants on the said land, and hereby surrender possession of the said lands and premises to the said Samuel J. Garvin, subject to said rental contracts, always excepting my allotment above described. I hereby agree to warrant and defend the title to the said lands and premises against all persons claiming the same by, through, or under me or my deceased wife."

The probate judge allowed the claim as one which, according to usage among the tribe, he considered just and equitable. The plaintiff in error sought to have this matter reviewed in the district court of the territory, and, after hearing, the latter court held the judgment to be correct.

The principal contention on the part of the plaintiff in error is that after the acceptance and ratification of what is known as the "Atoka

Agreement," between the Chickasaw tribe of Indians and the United States, in force at the time of the rendition of said judgment, exclusive jurisdiction over the subject-matter in controversy was in the territorial district court. The provision of the agreement is as follows:

"It is further agreed that the United States courts now existing or that may hereafter be created, in the Indian Territory, shall have exclusive jurisdiction of all controversies growing out of the titles, ownership, occupation, possession, or use of real estate, coal, and asphalt in the territory occupied by the Choctaw and Chickasaw tribes."

On its surface the claim in question might be said to have grown out of the failure of title to the land conveyed by Burks to Garvin. Therefore, in a sense, the allowance of the claim involved an inquiry into the question of failure of consideration, because of failure of title. On the other hand, looking at it in the sense of the presentation to the probate court of a claim for allowance against the estate, it possesses the qualities of one for money had and received, largely equitable in character, arising ex æquo et bono, "for money which the defendant is obliged by the ties of natural justice and equity to refund." Cary v. Curtis, 3 How., loc. cit. 246, 11 L. Ed. 576. The so-called conveyance was, in effect, but of the improvements on the land, as that was all the grantor could, at that time, rightfully transfer. The deceased contracted to deliver possession to Garvin, but failed to do so. Presumably the estate got the benefit thereof, as it did of the $2,500, leaving nothing to the purchaser, as the administrator never delivered the property. Therefore it may well be maintained that, had Burks, the grantor, continued to live on the premises, Garvin might have maintained against him the simple action for money had and received. Burks having died, the action for the continuing wrong must go against his administrator, and properly in the probate court, if it had jurisdiction.

This leads to what may not inaptly be termed a matter of sound public policy, invoking the reasonable exercise of judicial discretion. The tribal probate court had long been exercising jurisdiction over the administration of deceased persons' estates, allowing claims against them; a jurisdiction it continued to exercise after the making of the Atoka Agreement, without being questioned, so far as we are able to ascertain. Important property rights have attached thereon, and in view of the fact that the Indian probate court, as well as the territorial courts of that jurisdiction, are at an end, no such question as here presented can arise in the future to affect titles and property rights; and, as there was at the time of the rendition of the judgment in question no decision of any court questioning the jurisdiction of the probate court over such actions as this, it seems to us it would best subserve the ends of justice, public and private, not to disturb the judgment.

It is accordingly affirmed.